UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEPPLER and KIFUMI KEPPLER,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>Defendants. | No. 2:17-cv-2232 MCE DB PS<br><br>ORDER |

Plaintiffs James Keppler and Kifumi Keppler, proceeding pro se, commenced this action on October 25, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) On March 6, 2018, plaintiffs filed an amended complaint. (ECF No. 17.) On March 23, 2018, defendants filed a motion to dismiss. (ECF No. 18.) That motion is set for hearing before the undersigned on June 7, 2018. (ECF No. 27.)

However, on May 31, 2018, plaintiffs filed a waiver of oral argument. (ECF No. 28.) Plaintiffs are advised that under no circumstances will the undersigned grant plaintiffs' request to waive the hearing of oral argument of defendants' motion.[1] Moreover, the failure of a party to

---

[1] Nor would the undersigned grant defendants' request for waiver of oral argument of plaintiffs' motion.

1

appear at a noticed hearing "may be deemed withdrawal . . . of opposition to the motion, . . . or may result in the imposition of sanctions." Local Rule 230(i). In this regard, if either plaintiff fails to appear at the hearing of defendants' motion to dismiss, the undersigned may deem that a withdrawal of that plaintiff's opposition to the motion to dismiss.

Nonetheless, plaintiffs' filing also represents that plaintiff James Keeper will be out of the state of California and unable to appear telephonically prior to June 8, 2018. (ECF No. 28 at 2.) Moreover, plaintiffs intend to "request . . . leave to file" a second amended complaint prior to June 30, 2018. (Id.) Plaintiffs are advised that Rule 15(a) of the Federal Rules of Civil Procedure "is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that:

1. The June 7, 2018 hearing of defendants' motion to dismiss (ECF No. 18) is continued to **Friday, July 13, 2018, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

2. Plaintiffs are ordered to appear, telephonically or in person, at the July 13, 2018 hearing. No further continuations will be granted and a plaintiff's failure to appear may be deemed withdrawal of opposition to granting defendants' motion to dismiss;

3. On or before **June 29, 2018**, plaintiffs shall file any request for leave to file a second amended complaint[2]; and

---

[2] Plaintiffs are advised that Local Rule 137(c) requires that the proposed amended complaint must be attached as an exhibit to the request for leave to amend.

4. Plaintiffs are cautioned that the failure to timely comply with this order may result in a recommendation that this case be dismissed.

DATED: June 4, 2018

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE