UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES KEPPLER and KIFUMI KEPPLER,

Plaintiffs,

v.

THE BANK OF NEW YORK MELLON, et al.,

Defendants.

No. 2:17-cv-2232 MCE DB PS

ORDER

Plaintiffs James Keppler and Kifumi Keppler, proceeding pro se, commenced this action on October 25, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) On March 6, 2018, plaintiffs filed an amended complaint. (ECF No. 17.) On March 23, 2018, defendants filed a motion to dismiss the amended complaint. (ECF No. 18.) That motion is set for hearing before the undersigned on July 13, 2018. (ECF No. 29.) On June 29, 2018, plaintiffs filed a motion for leave to file a second amended complaint along with a proposed second amended complaint. (ECF No. 30.) Defendants filed an opposition to plaintiffs' motion on July 5, 2018. (ECF No. 31.)

Leave to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, ("Rule"). Rule 15 "is very liberal and leave to amend shall be freely given when justice so requires."

AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Defendants' opposition argues that plaintiffs' motion for leave to amend "offer[s] no grounds as to why leave should be granted[.]" (ECF No. 31 at 2.) Moreover, defendants argue that comparison of the first amended complaint and the proposed second amended complaint reveals that they "consist[] largely of the same legally deficient allegations," with a "few added conclusory allegations[.]" (Id.)

Defendants' arguments are, substantially, well taken. Nonetheless, the undersigned cannot, at this time, find that granting further leave to amend would prejudice defendants, produce an undue delay, or is futile. Nor does it appear that plaintiffs seek leave to amend in bad faith. Accordingly, in light of plaintiffs' pro se status and out of abundance of caution, the undersigned will grant plaintiffs this final opportunity to further amend their complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' June 29, 2018 motion for leave to amend (ECF No. 30) is granted;

2. The proposed second amended complaint filed June 29, 2018 (ECF No. 30-1) is the operative complaint in this action;

3. Defendants' March 23, 2018 motion to dismiss the first amended complaint (ECF No. 18) is denied without prejudice to renewal as having been rendered moot;

4. The July 13, 2018 hearing of defendants' motion to dismiss is vacated;

5. Plaintiffs' April 6, 2018 motion to strike defendants' motion to dismiss (ECF No. 22) is denied without prejudice as having been rendered moot; and

////

1     6. Defendants shall file a response to the second amended complaint within 21 days of the
2 date of this order.
3 Dated: July 6, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\keppler2232.amend.ord

3