# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES KEPPLER and KIFUMI KEPPLER,

Plaintiffs,

v.

THE BANK OF NEW YORK MELLON, et al.,

Defendants.

No. 2:17-cv-2232 MCE DB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiffs James Keppler and Kifumi Keppler are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 40.) For the reasons stated below, the undersigned finds that defendants' motion to dismiss should be granted and plaintiffs' second amended complaint dismissed without leave to amend.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on October 25, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) On July 9, 2018, the undersigned issued an order granting plaintiffs leave to file a second amended complaint. (ECF No. 32.)

1

Plaintiffs filed a second amended complaint on July 9, 2018. (ECF No. 33.) According to the second amended complaint

> the TRUE heart of the instant matter and genesis of the controversy is the purported Security Instrument, the Deed of Trust, recorded in the Sacramento County Recorder's as Instrument 20061016-1924. Plaintiffs are informed and believe, as based on such information and beliefs, aver that the subject Deed of Trust is Void Ab Initio, a nullity having no legal effect and lacking the ability to be assigned or sold.

(Sec. Am. Compl. (ECF No. 33) at 5.[1])

In this regard, plaintiffs allege that they "executed a Deed of Trust on October 9, 2006, "to secure interest in" plaintiffs' property. (Id. at 10.) "The subject DOT was recorded in the Sacramento County Recorder's Office on October 16, 2006[.]" (Id.) However, "the subject DOT . . . lists MERS as both the Agent and the beneficiary, a factual impossibility." (Id. at 11.)

Moreover, "Defendants recorded a 'Assignment of Deed of Trust' in the Sacramento County Recorder's Office on February 10, 2010, as Instrument No. 20100210-0340, purporting to transfer all beneficial interest in Plaintiffs' Deed of Trust and Note to the CIT Mortgage Loan Trust 2007-1." (Id. at 15.) According to the second amended complaint that assignment was "VOID" because it occurred "after the closing date" for the Trust. (Id. at 17.) Plaintiffs are "not in default now," although in 2009 they were "delinquent" resulting in the recording of a "Notice of Default and Election to Sell[.]"[2] (Id. at 15.)

Based on these allegations, the second amended complaint asserts thirteen purported causes of action. Defendants, The Bank of New York Mellon, as Trustee on behalf of CIT Mortgage Loan Trust, 2007-1, Mortgage Electronic Registration Systems, Inc., ("MERS"), and Caliber Home Loans, Inc., filed the pending motion to dismiss on July 24, 2018. (ECF No. 35.) Plaintiffs filed an opposition on August 8, 2018. (ECF No. 38.) Defendants filed a reply on
////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] According to defendants' motion to dismiss the Notice of Default was later rescinded. (Defs.' MTD (ECF No. 35) at 10.)

August 22, 2018. (ECF No. 39.) On August 31, 2018, plaintiffs filed a motion for leave to file a sur-reply along with a sur-reply.[3] (ECF No. 41.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[3] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiffs' pro se status, the undersigned will grant plaintiffs' motion for leave to file a sur-reply and has considered the sur-reply in evaluating defendants' motion to dismiss.

3

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

After reviewing the parties' briefing, the undersigned finds that defendants' motion to dismiss should be granted and plaintiffs' second amended complaint dismissed for the following reasons.

**I.    Rule 8**

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, plaintiffs' second amended complaint fails to allege facts that state the elements of each claim plainly and succinctly. The second amended complaint also fails to allege with particularity overt acts which the defendants engaged in that support plaintiffs' claims. In this regard, nearly every paragraph in the second amended complaint is premised on plaintiffs' information and belief, thereafter presents an assertions or conclusion, and is devoid of a factual

allegation. Moreover, although the second amended complaint identifies five distinct defendants and asserts thirteen purported causes of action, twelve of the thirteen causes of action are asserted simply "against all Defendants, and Associates in Fact," without any specificity as to which defendant engaged in what alleged wrongful act. (Id. at 50.)

Moreover, the second amended complaint also alleges, in a vague and conclusory manner, that "the subject DOT . . . lists MERS as both" "nominee for the Lender" and "beneficiary under the Security Instrument," "a factual impossibility." (Sec. Am. Compl. (ECF No. 33) at 10-11.) The assertion that this is a factual impossibility is incorrect. See Russell v. Aurora Bank, FSB, SACV 13-852 JVS (ANx), 2013 WL 12143924, at *4 (C.D. Cal. Sept. 9, 2013) ("it is well established that as the designated beneficiary and nominee for the lender under the Deed of Trust, MERS has the authority to both assign the beneficial interest in that Deed of Trust to another entity and to substitute a new trustee for an existing trustee"); Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) ("MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party").

Accordingly, plaintiffs' second amended complaint should be dismissed for failure to state any claim plainly and succinctly.

**II.     Standing**

Under California law, borrowers have standing to challenge assignments that are void, but not those that are merely voidable. See Yvanova v. New Century Mortg. Corp., 62 Cal.4th 919, 939 (Cal. 2016); see also Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal.App.5th 802, 811 (2016) ("A borrower has standing if the alleged assignment is void, but not if the assignment is merely voidable."). When an assignment is "voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment," whereas "a void one cannot be ratified or validated by the parties to it even if they so desire." Yvanova, 62 Cal.4th at 936.

Here, plaintiffs' second amended complaint alleges the plaintiffs "executed a promissory note . . . secured by a Deed of Trust," and that "on or about February 10, 2010, an 'Assignment of Deed of Trust ("ADOT") document was . . . recorded in Sacramento County Recorder's Office . .

. as Instrument No. 20100210-0340." (Sec. Am. Compl. (ECF No. 33) at 23.) The ADOT was later "transferred to the" CIT 2007-1 Trust. (Id.) However, the CIT 2007-1 Trust stated that "all loans will be transferred into the trust no later than September 30, 2007." (Id. at 24.) According to the second amended complaint, the ADOT is "VOID" because the transfer of plaintiffs' ADOT occurred "nearly six years after September 30, 2007 as required by law."[4] (Id.)

However, these allegations establish that the ADOT was merely voidable not void and plaintiffs do not have standing to challenge a voidable assignment to which they are not a party.[5] See Morgan v. Aurora Loan Services, LLC, 646 Fed. Appx. 546, 550 (9th Cir. 2016) ("But because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, Morgan lacks standing here."); Thrower v. Nationstar Mortgage LLC, Civ. No. 2:17-0766 WBS KJN, 2017 WL 2813169, at *3 (E.D. Cal. June 29, 2017) ("borrowers do not have standing to challenge a late assignment of their deed of trust because an untimely assignment is voidable, not void"); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal.App.4th 808, 814 (2016) ("Saterbak alleges the DOT was assigned to the 2007–AR7 trust in an untimely manner under the PSA. Specifically, she contends the assignment was void under the PSA because MERS did not assign the DOT to the 2007–AR7 trust until years after the closing date. Saterbak also alleges the signature of 'Nicole M. Wicks' on the assignment document was forged or robo-signed. Saterbak lacks standing to pursue these theories.").

////

---

[4] It is unclear as to what event or action plaintiffs reference to "nearly six years after" is in regard to, as plaintiffs allege that Trust's closing was in September of 2007, and the ADOT was recorded in Sacramento County on February 10, 2010. (Sec. Am. Compl. (ECF No. 33) at 15, 23.)

[5] "[A] borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." Yvanova v. New Century Mortgage Corp., 62 Cal.4th 919, 924 (Cal. 2016). Here, the second amended complaint does not allege that plaintiffs are subject to a nonjudicial foreclosure. Instead, the second amended complaint alleges that plaintiffs are "not in default now or at any time relevant to the instant case[.]" (Sec. Am. Compl. (ECF No. 33) at 15.)

1 | The second amended complaint also alleges that the ADOT is void because the "assignment fails to be executed by 'Attorney in Fact'" in violation of California Civil Code § 1095. (Sec. Am. Compl. (ECF No. 33) at 24.) California Civil Code § 1095, however, simply requires that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

Here, the assignment of the deed of trust was signed by Hal Bartow, an Assistant Secretary for Mortgage Electronic Registrations Systems, Inc., "AS NOMINEE FOR LENDER." (Sec. Am. Compl., Ex. 4 (ECF No. 33) at 109.) Thus, "[i]n executing this assignment, MERS was acting as nominee . . . not as an attorney in fact[.]" Byeong Koo Kim v. Mortgage Electronic Registration Systems Inc., Case No. CV 11-9201 GAF (JCx), 2012 WL 13012435, at *6 (C.D. Cal. June 22, 2012). Therefore, § 1095 "does not apply because the assignment of the Deed of Trust was" not signed by an attorney. Coburn v. Bank of New York Mellon, N.A., No. 2:10-cv-3080 JAM KJN, 2011 WL 1103470, at *3 (E.D. Cal. Mar. 22, 2011); see also Newman v. Bank of New York Mellon, No. 1:12-cv-1629 AWI GSA, 2013 WL 1499490, at *7 (E.D. Cal. Apr. 11, 2013) (finding no violation of § 1095 where "assignments are signed by individuals who are expressly identified as acting for MERS").

Accordingly, plaintiffs' second amended complaint should also be dismissed for a lack of standing.

### III. Statute of Limitations

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). As explained in defendants' motion to dismiss, it appears from the face of the second amended complaint that most of the second amended complaint's thirteen purported causes of action are barred by the applicable statute of limitations.[6] (Defs.' MTD (ECF No. 35) at 17.)

---

[6] The undersigned's description of the thirteen causes of action as "purported" is because seven of the thirteen asserted causes of action are for declaratory relief or cancelation. Declaratory

7

| | |
|---|---|
| 1 | It appears that the most recent date stated in the second amended complaint is February |
| 2 | 10, 2010.  (Sec. Am. Compl. (ECF No. 33) at 31.)  Of the second amended complaint's thirteen |
| 3 | purported causes of action, one is an alleged violation of the Fair Debt Collection Practices Act |
| 4 | ("FDCPA") and another is an alleged violation of the Truth In Lending Act ("TILA").  Claims |
| 5 | under the FDCPA and TILA are subject to a one-year statute of limitations.  See Lyons v. |
| 6 | Michael & Associates, 824 F.3d 1169, 1171 (9th Cir. 2016); In re Brewster, No. 5:13-cv-505 |
| 7 | ODW, 2013 WL 4833707, at *2 (C.D. Cal. Sept. 9, 2013). |
| 8 | The second amended complaint also alleges a violation of 12 U.S.C. § 2605.  (Sec. Am. |
| 9 | Compl. (ECF No. 33.) at 56.)  For an alleged "violation of 12 U.S.C. § 2605, the statute of |
| 10 | limitations is three years[.]"  Aganyan v. Wells Fargo Bank National Association, Case No. |
| 11 | EDCV 10-1191 VAP (OPx), 2011 WL 13223870, at *5 (C.D. Cal. Jan. 31, 2011).  Additionally, |
| 12 | the second amended complaint alleges a claim for negligent misrepresentation.  (Sec. Am. Compl. |
| 13 | (ECF No. 33) at 55.)  "A negligent misrepresentation claim has either a two-or three-year statute |
| 14 | of limitations."  Fanucci v. Allstate Ins. Co., 638 F.Supp.2d 1125, 1133 (N.D. Cal. 2009). |
| 15 | Moreover, the second amended complaint asserts four causes of action for state law |
| 16 | declaratory relief, two causes of action for cancelation, and a cause of action for violation of |
| 17 | California Business & Professions Code § 17200.  (Sec. Am. Compl. (ECF No. 33) at 47-57.) |
| 18 | Those purported claims are subject to a four-year statute of limitations.  See Moses v. MTC |
| 19 | Financial, Inc., Case No. CV 16-4812 AB (KSx), 2016 WL 11002149, at *2-3 (C.D. Cal. Nov. |
| 20 | 10, 2016); Hollywood Foreign Press Association v. Red Zone Capital Partners II, LLP, Case No. |
| 21 | CV 10-8833 VBF(FMOx), 2011 WL 13217759, at *3 (C.D. Cal. Aug. 8, 2011) ("An action for |
| 22 | declaratory relief is subject to a four year statute of limitations."). |
| 23 | Thus, it appears from the face of the second amended complaint that eleven of the second |
| 24 | amended complaint's thirteen purported causes of action are barred even under the longest |
| 25 | |
| 26 | ──────────────── |
| 27 | relief and cancelation, however, are remedies not independent causes of action.  See Ajetunmobi v. Clarion Mortg. Capital, Inc., 595 Fed. Appx. 680, 684 (9th Cir. 2014); Thanh Tran v. Bank of |
| 28 | America Corp., No. 11cv2784 DMS (NLS), 2012 WL 837198, at *3 (S.D. Cal. Mar. 12, 2012). |

applicable statute of limitations and should be dismissed.[7]  Of the two remaining claims found in the second amended complaint, one claim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  (Sec. Am. Compl. (ECF No. 33) at 45.)  But that act "only creates a remedy" not a separate cause of action.  Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

The only remaining cause of action that does not clearly appear to have been brought well beyond the applicable statute of limitations is the second amended complaint's cause of action for the intentional infliction of emotional distress.  As explained below, however, that claim must also be dismissed.

**IV.     Intentional Infliction of Emotional Distress**

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  Hughes v. Pair, 46 Cal.4th 1035, 1050 (Cal. 2009).

Here, the second amended complaint alleges that "Defendants by and through their agents demand Plaintiffs sign a new set of documents or deed of trust, more than a decade after the initial loan closing and years after any modification, that must be signed or risk losing their home."  (Sec. Am. Compl. (ECF No. 33) at 68.)  These vague allegations appear for the first time on the 66th page of the second amended complaint and are not supported by any factual allegations.  (Id. at 68.)

Moreover, "courts have found as a matter of law that foreclosing on property does not amount to the 'outrageous conduct' required to support a claim for intentional infliction of emotional distress."  Aguinaldo v. Ocwen Loan Servicing, LLC, No. 5:12-CV-1393 EJD, 2012

---

[7] This issue was first raised in defendants' February 13, 2018 motion to dismiss plaintiffs' original complaint.  (ECF No. 5.)  Thereafter, plaintiffs twice amended their complaint.  (ECF Nos. 17 & 33.)  Plaintiffs, however, did not remedy this issue nor establish a reason for equitable tolling in either their second amended complaint or in their briefing in response to defendants' motion to dismiss.

9

WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012) (citing Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010)). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (Cal. 1993). The vague conduct described by plaintiffs cannot be characterized as exceeding all bounds of that usually tolerated in a civilized community.

Accordingly, the second amended complaint's claim for the intentional infliction of emotional distress should be dismissed.

**FURTHER LEAVE TO AMEND**

For the reasons stated above, the undersigned finds that defendants' motion to dismiss should be granted and plaintiffs' second amended complaint dismissed. The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, and plaintiffs' prior inability to successfully ament the complaint, the undersigned finds that it would be futile to grant plaintiffs further leave to amend. Therefore, the undersigned will recommend that plaintiffs not be granted further leave to amend.

**CONCLUSION**

Accordingly, IT IS ORDERED that plaintiffs' August 31, 2018 motion for leave to file a sur-reply (ECF No. 41) is granted.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 24, 2018 motion to dismiss (ECF No. 35) be granted;

2. The second amended complaint be dismissed without leave to amend; and

3. This action be closed.[8]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 26, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\keppler2232.mtd.f&rs

---

[8] Although defendant Citi Group Securitization Corporation III, Inc., has not appeared in this action "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981). Here, the above analysis would equally apply to defendant Citi Group Securitization Corporation III, Inc.